AARON D. FORD
  Attorney General
JAMIE S. HENDRICKSON (Bar No. 12770)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4717
(775) 684-1234 (phone)
(775) 684-1108 (fax)
Email: jhendrickson@ag.nv.gov

*Attorneys for Defendants*
*Richard C. Adams and Sandra Rose-Thayer*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEITH BARLOW, | Case No. 3:23-cv-00445-CLB |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT (Second Request)** |
| STATE OF NEVADA, *et al.*, | |
| Defendant. | |

Defendants, Richard C. Adams and Sandra Rose-Thayer, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Jamie S. Hendrickson, Senior Deputy Attorney General, hereby move this Court for an extension of time to file a dispositive motion. This is the second request to extend the subject deadline.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   FACTUAL ANALYSIS**

This is a *pro se* prisoner 42 U.S.C. § 1983 civil rights claim brought by offender, Keith Barlow (Barlow). On October 7, 2025, this Court entered an order granting a stipulation and proposed order to extend discovery deadlines in this case. ECF No. 29. Pursuant to the order, the discovery deadline was extended to November 28, 2025, and the dispositive motion deadline was extended to December 29, 2025. *Id.*

Counsel for Defendants has received several new cases in November 2025 due to the abrupt resignation of two Deputy Attorneys General (DAGs). Additionally, between

November and December 2025, Defense Counsel has been ordered to respond to several emergency motions and/or writ petitions that have required extensive time spent communicating with client representatives to obtain information responses or to prepare witnesses for testimony at hearings on the motions. Accordingly, Defense Counsel will be unable to devote the necessary time to this matter to prepare a well-crafted dispositive motion.

## II.   LEGAL STANDARD

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. *Lynch v. Hernandez*, Case No. 2:21-cv-01981-ART-DJA, 2024 WL 5040434, at *2 (D. Nev. Nov. 7, 2024) (citing Fed. R. Civ. P. 16(b)(4); Local Rule 26-3). Under Local Rule 26-3, a motion to extend a date set by an order must, in addition to satisfying the requirements of Local Rule IA 6-1, be supported by a showing of good cause for the extension. *Tankersley v. MGM Resorts International*, Case No. 2:20-cv-00995-RFB-DJA, 2022 WL 1395457, at *4 (D. Nev. Apr. 18, 2022) (citing LR 26-3). The good cause standard primarily considers the diligence of the party seeking the extension. *Price v. Sims*, Case No. 2:21-cv-01438-CDS-DJA, 2023 WL 6539784, at *2 (D. Nev. Sept. 22, 2023) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992)). The scheduling order can be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. *Castronovo-Flihan v. State Farm Mutual Automobile Insurance Company*, Case No. 2:20-cv-01197-JCM-DJA, 2021 WL 5413886, at *1 (D. Nev. Sept. 17, 2021) (citing *Mammoth Recreations, Inc.*, 975 F.2d at 699).

## III.   ARGUMENT

Defense Counsel respectfully requests a sixty (60) day extension of time to file Defendants' dispositive motion from the current deadline of December 29, 2025, until February 27, 2026.

Defense Counsel was recently assigned this matter and entered his Notice of Change of Deputy Attorney General on December 11, 2025, due to turnover in the Office of the Attorney General (OAG), specifically the resignation of the prior handling Deputy Attorney

General (DAG). The prior handling DAGs resignation resulted in the assignment of several new cases to undersigned Defense Counsel. Additionally, the resignation of another DAG just two weeks earlier resulted in undersigned Defense Counsel assuming responsibility for several other cases, many of which required immediate attention due to the abrupt nature of that particular DAG's departure. Undersigned Defense Counsel was further preoccupied with several depositions in early December that were scheduled several weeks ago and required substantial preparation time. These circumstances, coupled with multiple orders to respond to emergency motions in November and December 2025 and multiple impending deadlines in existing cases, resulted in Defense Counsel requiring additional time to prepare a dispositive motion in this matter.

Undersigned Defense Counsel must interview the named defendants, review the pleadings and discovery completed thus far, and obtain affidavits in support of a dispositive motion. The necessary communications to acquire the information and documents to prepare a dispositive motion are also complicated by the holiday season because client representatives are more likely to take vacations or travel for the holidays. Accordingly, Defendants request an extension of sixty (60) days to the existing deadline to file dispositive motions as follows:

    **A.**    **Current Deadlines**

        Dispositive motion deadline:    December 29, 2025

        Joint pretrial order (if no dispositive motions filed): January 28, 2026

    **B.**    **Proposed Deadlines**

        Dispositive motion deadline:    February 27, 2026

        Joint pretrial order (if no dispositive motions filed):  March 30, 2026[1]

    **C.**    **Good Cause Supports this Request**

Federal Rule of Civil Procedure 16(b) allows parties to request extensions of deadlines set in the Court's scheduling order. Good cause exists for the extension. LR 26-3.

---

[1] Thirty (30) days from February 27, 2026, is Sunday, March 29, 2026. Therefore, the deadline to file the Joint Pretrial Order is moved to the next judicial day.

Counsel for Defendants needs additional time due to turnover at the OAG, which resulted in the assignment of several new cases that required immediate attention, as well as multiple orders to respond to emergency motions in other matters.

Defendants assert that the requisite good cause is present to warrant the requested extension of time. Moreover, Plaintiff will suffer no prejudice due to an extension of the dispositive motion deadline. Finally, this is the second request to extend the subject deadline.[2]

## IV. CONCLUSION

Defendants respectfully request this Court extend the deadline for dispositive motion in this matter. Defendants assert the requisite good cause is present to warrant an extension of time. Therefore, Defendants request additional time, up until **February 27, 2026**, to file dispositive motions in this matter.

DATED this 12th day of December 2025.

AARON D. FORD
Attorney General

By: /s/ Jamie S. Hendrickson
JAMIE S. HENDRICKSON, Bar No. 12770
Senior Deputy Attorney General

*Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED:** December 15, 2025

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The first extension of the dispositive motion deadline occurred via a stipulation and order entered on October 7, 2025. ECF No. 29.