**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KEITH BARLOW,

Plaintiff,

v.

S. ROSE, *et al.*,

Defendants.

Case No. 3:23-CV-00445-CLB

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

[ECF No. 36]

This case involves a civil rights action filed by Plaintiff Keith Barlow ("Barlow") against Defendants Richard C. Adams ("Adams") and Sandra Rose-Thayer ("Rose") (collectively referred to as "Defendants"). (ECF Nos. 4 at 12; 18.) Currently pending before the Court is Defendants' motion for summary judgment.[1] (ECF No. 36.) For the reasons stated below, Defendants' motion is granted.

**I.    BACKGROUND**

**A.    Procedural History**

Barlow is an inmate in the custody of the Nevada Department of Corrections ("NDOC") formerly housed at Ely State Prison ("ESP"). (ECF No. 5 at 1.) While at ESP, Barlow alleges Defendants confiscated and lost 30 crime scene photos he planned to use as exhibits in a post-conviction motion. (ECF No. 4 at 9-10.) Barlow filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 alleging numerous constitutional violations. (ECF No. 5.) The Court screened Barlow's complaint pursuant to 28 U.S.C. §1915(a) and permitted him to proceed on a single deprivation of property claim pursuant to the Fourteenth Amendment's Due Process Clause. (*Id.* at 10.)

///

///

///

---

[1]    Barlow opposed, (ECF No. 36), and Defendants replied, (ECF No. 39).

**B.    Factual Summary[2]**

On February 19, 2021, Barlow submitted three requests to the ESP law library that the law library staff make copies of crime scene photos depicting dead bodies he planned to use in his post-conviction proceedings. (ECF Nos. 36 at 3; 38 at 3; 36-3.) Rose received Barlow's requests and upon seeing the content of the photos asked her supervisor whether Barlow was permitted to have such photos in his cell. (ECF No. 36-2 at 3.) Rose's supervisor informed her he was not, (*id.*), and Rose provided Barlow with three unauthorized property forms, (*id.*; *see also* ECF No. 36-3).

The forms gave Barlow 10 days to choose one of the following options: (1) mail the photos to a person of his choosing at his own expense; (2) have the photos destroyed; (3) donate the photos to charity; or (4) appeal the determination he was not permitted to have the photos. (ECF No. 36-3.) Rose states she also told Barlow he could keep the photos in the warden's secretary's office for review as needed. (ECF No. 36-2 at 3.) However, Barlow asserts Rose said no such thing and simply stated "you can't have them" when Barlow asked for further clarification. (ECF No. 5 at 9.)

Barlow chose to have the photos mailed to his sister. (ECF Nos. 5 at 9; 36 at 3; 36-3.) The photos were shipped via regular U.S. mail by ESP's mail room on March 11, 2021, (ECF No. 36-3), but Barlow's sister never received them, (ECF No. 5 at 9).

**II.    LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim or claims determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine"

---

[2]    The facts presented herein are undisputed unless otherwise noted.

only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits and/or admissible discovery material in support of their contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The nonmoving party "must come forth with evidence from which a jury could reasonably render a verdict in the nonmoving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita*, 475 U.S. at 586-87.

### III.   DISCUSSION

Defendants argue they are entitled to summary judgment because, *inter alia*, Barlow's constitutional rights were not violated, but even if they were Defendants are entitled to qualified immunity because the violation was not clearly established.[3] (ECF

---

[3]   Defendants also raise two procedural arguments, which the Court addresses here. First, Defendants argue Barlow failed to properly exhaust his administrative remedies "because he changed the substantive nature of his claim" during the grievance process. (ECF No. 36.) The Court has reviewed the grievances at issue and finds they are materially identical. (*See* ECF No. 36-6.) NDOC's rejection on this basis therefore rendered the grievance process effectively unavailable. *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010). Second, Defendants argue Barlow's claim was filed after the statute of limitations ran. (ECF No. 36 at 11-13.) Defendants concede the statute of limitations was tolled while Barlow was actively pursuing his grievance but argue that does not include the 53-day period between when Barlow's claim accrued and when he

No. 36 at 14-15, 16-18.) The Court agrees.

There are two types of property deprivations — authorized and unauthorized. *See Quick v. Jones*, 754 F.2d 1521, 1523-24 (9th Cir. 1985). An authorized property deprivation is one carried out pursuant to an established regulation, whereas an unauthorized deprivation results from random actions taken by state officials not pursuant to any established regulation. *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985). Both deprivations require due process, but at different times. Authorized deprivations require process to be given before the deprivation because the deprivation itself is foreseeable, whereas unauthorized deprivations require process after the fact because the deprivation is unforeseeable and it would be impracticable for the state to provide a preventative process. *Id.* Here, Barlow's photos were taken pursuant to Administrative Regulation ("AR") 750(O)(2)(f), which prohibits inmates from receiving mail that "depicts criminal activity."[4] (ECF Nos. 36 at 15; 36-1 at 5.) Thus, Barlow is asserting an authorized

filed his Informal Grievance. (*Id.*) Defendants rely on a Second Circuit case which held the statute of limitations is tolled only while the "inmate is actively exhausting his administrative remedies," which does not include the period between accrual and the start of the grievance process. *Gonzalez v. Hasty*, 651 F.3d 318, 322 & n.2 (2d Cir. 2011). Although the Ninth Circuit adopted *Gonzales's* "actively exhausting" language in *Soto v. Sweetman*, 882 F.3d 865, 875 (9th Cir. 2018), it did not adopt the Second Circuit's reasoning that inmates are not entitled to tolling between the date their claim accrued and when they filed their first grievance. In fact, the *Soto* court explicitly held the inmate was entitled to tolling during the period between when his claim accrued (April 2010) and when he filed his initial grievance (May 2010). *Id.* at 868, 871, 875. The Court therefore rejects Defendants argument to the contrary and finds Barlow's claim is not barred by the statute of limitations.

4    Barlow argues AR 750 is not applicable because it "does not prohibit an inmate from possessing crime scene photos in their cells," but instead "regulates the mailing of sensitive photos" to inmates. (ECF No. 38 at 7.) The Court is unpersuaded. Although AR 750 does not explicitly prohibit inmates from possessing crime scene photos, the fact it prohibits inmates from receiving photos depicting criminal activity necessarily implies inmates are not allowed to possess such material. But even assuming Barlow is correct, his claim would nevertheless fail because he would be alleging an unauthorized property deprivation, which is not legally cognizable so long as the state offers an adequate post-deprivation remedy, which Nevada does. *Alexander v. Graham*, 2014 WL 1576737, at *11 (D. Nev. Apr. 18, 2014) (citing *Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990)); *see also Strohmeyer v. Belanger*, 661 Fed. App'x 471, 473 (9th Cir. 2016) (noting NRS §§ 41.031 and 41.0322 provide "an adequate postdeprivation remedy under Nevada law").

property deprivation claim, which means the relevant question is whether he was afforded due process prior to the deprivation.

Courts in this district have previously held NDOC's unauthorized property forms provide sufficient protection to satisfy the Due Process Clause. *See, e.g.*, *Beraha v. Nevada*, 2020 WL 3949223, at *6 (D. Nev. Apr. 27, 2020) (noting administrative regulations coupled with grievance process "satisfy due process requirements"); *Whittaker v. Nevada*, 2021 WL 4481014, at *6 (Sept. 10, 2021) ("This court has held that AR 711 provides adequate procedural protections to satisfy due process."); *Gates v. Legrand*, 2021 WL 4481014, at *8 (D. Nev. Oct. 5, 2015), *relevant part of report and recommendation adopted in* 2019 WL 1168527 (D. Nev. Mar. 12, 2019) ("AR 711.01's procedures of notifying the inmate with an Unauthorized Property Notification and providing the inmate options in disposing of property or appealing . . . via the grievance process satisfies due process protections."); *Reece v. Shepherd*, 2015 WL 5813243, at *4 (D. Nev. Oct. 5, 2015) (same).

Here, it is undisputed Barlow received three unauthorized property forms. (*See* ECF No. 36-3.) Barlow was presented with four choices of what to do with his property and given ten days to decide. (*Id.*) Furthermore, if Barlow disagreed that the photos were unauthorized, he could have chosen to appeal the determination, and his property would have been held without further action until that process was complete. (*Id.*) Barlow was therefore afforded sufficient process and Defendants are entitled to summary judgment.[5]

///

///

_____

[5]    Even assuming Defendants did deny Barlow due process, granting summary judgment in their favor would nevertheless be appropriate because they are entitled to qualified immunity. To survive summary judgment, Barlow must show Defendants violated a right which was clearly established at the time of the violation. *Simmons v. G. Arnett*, 47 F.4th 927, 934-35 (9th Cir. 2022) (citing *Moran v. Washington*, 147 F.3d 839, 844 (9th Cir. 1998)). However, Barlow fails to cite to any case clearly establishing Defendants' conduct amounted to a due process violation, (*see* ECF No. 38 at 6-7), and the Court's own research reveals no such case. Defendants are therefore entitled to qualified immunity.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment, (ECF No. 36), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this case.

**DATED**: _June 11, 2026_____.

_____
**UNITED STATES MAGISTRATE JUDGE**

7